STATEMENT BY THE COURT.
Appellant, the widow of Dr. C. L. Hoyle, brought this suit against Chas. T. and R. L. Hoyle, his sons by a *Page 464 
former marriage, and their wives, to cancel a conveyance of two acres of land in Warren, particularly described, and for possession thereof, claiming it as a homestead and one-half interest in fee therein as dower, there being no children of her marriage to the decedent, and prayed a sale of the property and that one-half of the proceeds be turned over to her and the other half invested, and the income therefrom paid her during her lifetime, and for rents alleged to be dice for the use of the property from the date of the death of Dr. Hoyle.
A warranty deed from Chas. L. Hoyle and Susan Hoyle, his wife, for a recited consideration of $1,500 paid conveying the land in controversy to Chas. T. Hoyle, executed on the 22d day of November, 1919, and recorded on the 25th day of that month, is exhibited with the complaint, as is also a warranty deed from C. T. Hoyle and Etta Hoyle, his wife, for a recited consideration of $2,000 paid by C. L. Hoyle reconveying the same tract of land to C. L. Hoyle and his heirs, executed on the 12th day of July, 1920, and filed for record on the 6th day of August, 1923. Exhibit "C" to the complaint, the conveyance sought to be canceled, is a warranty deed from C. T. Hoyle and Etta Hoyle conveying the lands to R. L. Hoyle for a recited paid consideration of $1,500 executed on the 23d day of April, 1921, and recorded on the 15th day of December, 1921.
The complaint alleged that the conveyance from her husband C. L. Hoyle and herself to the son C. T. Hoyle was without consideration and made to avoid the payment of an anticipated judgment, which the grantor C. L. Hoyle feared would be rendered against him in North Carolina. That, after trial of the cause there, which the doctor won, C. T. Hoyle and his wife upon the request of C. L. Hoyle reconveyed the lands by warranty deed to C. L. Hoyle, and that C. T. Hoyle later wrongfully conveyed the property of R. L. Hoyle without any consideration in fact, for the purpose of preventing plaintiff from procuring her interest in the lands; that the ownership *Page 465 
of land continued always in Dr. C. L. Hoyle her husband, the decedent, and in his possession until his death, and that it was the homestead of C. L. Hoyle and appellant; alleged that the deed from C. T. Hoyle to R. L. Hoyle constituted a cloud upon the title and asked its cancellation.
Appellees answered denying the allegations of the complaint, and in answer and cross-complaint denied the allegations of the complaint that the ownership of the property was always in C. L. Hoyle and the possession thereof as his homestead until his death; that the dead from C. T. to R. L. Hoyle constituted a cloud upon the title, and denied that appellant had any interest in the land or had ever had any since the conveyance thereof by herself and C. T. Hoyle; denied that the same was the homestead of appellant, and that she had any homestead rights therein or was entitled to any rents or profits from the property or any interest in the fee; alleged by way of cross-complaint that their mother had furnished the money with which the lands were purchased, and that the deed was taken in the name of their father when it belonged to their mother, and that the conveyance was made to C. T. Hoyle, because of it being the property of their mother; alleged its reconveyance to C. L. Hoyle, which was only a gesture, under an agreement with him that the deed should never be recorded, but regarded as a conveyance which was only given to quiet the complaints of appellant, and was to be destroyed after she was pacified; that the deed was never recorded by C. L. Hoyle nor intended to be binding; alleged the validity of the deed made in good faith to R. L. Hoyle, and the conveyance of the land thereby.
The court found that the rental value of the premises from the date of the death of C. L. Hoyle was something over $1,000, and entered a decree canceling the deed from C. T. Hoyle to R. L. Hoyle, and ordered possession delivered to appellant with the right to recover rent. *Page 466 
after the date of the decree only, and from the judgment the appeal is prosecuted.
(after stating the facts). The deed from C. T. Hoyle, to whom Chas. L. Hoyle and appellant, his widow, had conveyed the lands by a regular warranty deed, reconveying the land to C. L. Hoyle was not recorded until two or three years after C. T. Hoyle and his wife had conveyed the same tract of land to R. L. Hoyle by a warranty deed duly recorded for a recited consideration of $1,500. Appellant, the widow of Chas. L. Hoyle, the father of these two sons and the former owner of the land, was not entitled to the land in controversy as the homestead of decedent, her husband, since decedent was not the owner or in possession of same at his death if the deed from C. T. Hoyle to R. L. Hoyle was a valid conveyance of the property as it appeared to be.
She brought suit to cancel the conveyance and to secure possession of the property claimed as a homestead and her dower right therein, and the court decreed a cancellation of the deed from C. T. to R. L. Hoyle and her right to a homestead therein, as the widow of C. L. Hoyle, deceased, and also her dower.
The court did not err in holding she was not entitled to rents for use of the land, of which she was not in possession and the title of which appeared to be in R. L. Hoyle, until after she established her right thereto, and procured the cancellation of the deed to R. L. Hoyle, and a decree for the possession of the homestead premises.
We find no error in the record, and the judgment is affirmed. *Page 467